UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| OLGA MARTINEZ, and JONATHAN FLORES MARTINEZ,<br><br>                Plaintiffs,<br><br>     v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                Defendants. | No. 2:25-cv-415 WBS CSK<br><br><br>ORDER RE: MOTION TO REMAND[1] |

----oo0oo----

Plaintiffs Olga Martinez and Jonathan Flores Martinez ("plaintiffs") filed this action in state court on December 26, 2024, against defendant Ford Motor Company ("defendant") alleging breaches of express and implied warranties under the Song-Beverly Act, Cal. Civ. Code § 1794, as well as fraudulent inducement and negligent repair. (Docket No. 1-1 at 6-27.) After defendant removed the case to this court (Docket No. 1), plaintiffs moved

---

[1] The motion is decided on the papers without oral argument pursuant to Local Rule 230(g). The scheduled **April 28, 2025** hearing on the motion is hereby VACATED.

1

1 | to remand.  (Docket Nos. 6, 8.)  Defendant opposes the instant
2 | motion.  (Docket No. 9.)
3 |         On September 2, 2023, plaintiffs financed and purchased
4 | a vehicle of defendant's make, from a non-party dealership in
5 | Sacramento, California.  (Docket No. 6 at 17.)  Starting in 2024,
6 | plaintiffs experienced issues operating the vehicle.  (Id. at 18-
7 | 19.)  On September 3, 2024, plaintiffs took the vehicle to a non-
8 | party authorized repair facility pursuant to defendant's
9 | warranties.  (Id.)  After the first set of repairs, plaintiffs
10 | experienced different issues operating the vehicle and had
11 | repairs attempted on it two more times on November 1, 2024, and
12 | November 20, 2024, both at the same facility.  (Id.)
13 |         After the litigation commenced, defendant answered the
14 | complaint in state court on January 27, 2025.  (Docket No. 1-2 at
15 | 2-6.)  Defendant removed the case to this court on January 30,
16 | 2025, based on diversity jurisdiction.  (Docket No. 1 (citing 28
17 | U.S.C. §§ 1332, 1446).)
18 |         "Any civil action brought in a State court of which the
19 | district courts of the United States have original jurisdiction,
20 | may be removed by the defendant or the defendants, to the
21 | district court of the United States for the district and division
22 | embracing the place where such action is pending."  28 U.S.C.
23 | § 1441(a).  District courts have original jurisdiction over cases
24 | "involving citizens of different states" where the amount in
25 | controversy exceeds $75,000, exclusive of interest and costs.
26 | Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1225-26 (9th
27 | Cir. 2019) (quoting 28 U.S.C. § 1332(a)).
28 |

2

It is undisputed that plaintiffs are citizens of California, while defendant is a citizen of Delaware and Michigan. (See, e.g., Docket No. 1 at 5; Docket No. 1-1 at 7.) The parties thus appear to be diverse.[2]  See 28 U.S.C. § 1332(a). The remaining issue, however, is whether the action satisfies the amount in controversy requirement of over $75,000, for diversity jurisdiction. Id.

"The amount in controversy is the 'amount at stake in the underlying litigation. This includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant.'" Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 792-94 (9th Cir. 2018) (cleaned up) (quoting Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016)). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Id.

"To determine if the amount in controversy requirement is met, the court looks to the amount demanded by the plaintiff

---

[2] Although ten Doe defendants are joined in the complaint, such fictitious defendants can be ignored in determining whether the parties are diverse. See Rojas v. Sea Worlds Parks & Ent., Inc., 538 F. Supp. 3d 1008, 1018-19 (S.D. Cal. 2021) ("The inclusion of Doe defendants destroys diversity only if the plaintiffs' 'allegations concerning the Doe defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship, then the Court lacks diversity jurisdiction.'") (cleaned up) (quoting Robinson v. Lowe's Home Ctrs., LLC, No. 1:15-cv-1321 LJO SMS, 2015 WL 13236883, at *3-4 (E.D. Cal. Nov. 13, 2015)).

1  in the complaint." Adkins v. J.B. Hunt Transp., Inc., 293 F.
2  Supp. 3d 1140, 1143-44 (E.D. Cal. 2018) (capitalization altered)
3  (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283,
4  291-92 (1938)).  "Where it is not facially evident from the
5  complaint that more than $75,000 is in controversy, the removing
6  party must prove, by a preponderance of the evidence, that the
7  amount in controversy meets the jurisdictional threshold." Id.
8  (quoting Matheson v. Progressive Specialty Ins. Co., 319 F.3d
9  1089, 1090-91 (9th Cir. 2003) (per curiam)).

10         After accounting for a 3.9% annual interest rate and a
11 total cash price of $60,836.00, the vehicle's "total sale price"
12 was $92,760.72, which is amortized over 66 monthly payments.
13 (See Docket No. 6-5 at 2-3 (capitalization altered).)  Plaintiffs
14 attest that their "recovery would not exceed $64,027.52" in
15 actual damages after accounting for statutory deductions and
16 offsets, such as mileage and negative equity.  (See Docket No. 6-
17 1 at 7.)  That figure, however, does not include other remedies,
18 such as statutory civil penalties.  (See id. at 8-11.)

19         Defendant argues that the amount in controversy exceeds
20 $75,000, because the statutory civil penalty of twice the actual
21 damages, as well as attorneys' fees must be included.  (See id.
22 at 16-19.)  The court agrees.  The Ninth Circuit has not
23 addressed whether to include statutory civil penalties in the
24 amount in controversy of an action arising under the Song-Beverly
25 Act.  See Cal. Civ. Code § 1794.  However, several federal
26 district courts within the state of California, including this
27 court, have found that the court may consider statutory civil
28

4

1  penalties in assessing the amount in controversy.  See, e.g.,
2  Selinger v. Ford Motor Co., No. 22-cv-08883, 2023 WL 2813510, at
3  *8-12 (C.D. Cal. Apr. 5, 2023); McGill v. FCA US LLC, No. 2:21-
4  cv-93 MCE JDP, 2021 WL 5883037, at *5-6 (E.D. Cal. Dec. 13,
5  2021); Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 890-903 &
6  n.19 (S.D. Cal. 2021); Brady v. Mercedes-Benz USA, Inc., 243 F.
7  Supp. 2d 1004, 1007-10 (N.D. Cal. 2002).

8  　　　　　The Canesco court stated that "the majority of courts
9  and more recent cases [] find civil penalties appropriate for
10 inclusion in the calculation of the amount in controversy."  570
11 F. Supp. 3d at 901-03 (citing Brady, 243 F. Supp. 2d at 1009-10).
12 Another court concluded "that civil penalties should be
13 considered" because "in determining the amount in controversy,
14 courts are to consider the 'maximum recovery the plaintiff could
15 reasonably recover.'"  Selinger, 2023 WL 2813510, at *9-10
16 (cleaned up) (quoting Arias v. Residence Inn by Marriott, 936
17 F.3d 920, 926-27 (9th Cir. 2019) (emphasis omitted)).  As it has
18 before, this court finds these cases persuasive.  See, e.g.,
19 McGill, 2021 WL 5883037, at *5-6 (quoting Brady, 243 F. Supp. 2d
20 at 1009-10).

21 　　　　　Plaintiffs cite cases declining to include statutory
22 penalties in the amount in controversy, but those cases are
23 distinguishable.  See, e.g., Vega v. FCA US LLC, No. 21-cv-05128,
24 2021 WL 3771795, at *3-4 (C.D. Cal. Aug. 25, 2021).  Where courts
25 have declined to include statutory civil penalties in the amount
26 in controversy, they have done so due to the defendant "simply
27 assum[ing] that because a civil penalty is available, one will be
28

5

awarded." Id. (quoting Zawaideh v. BMW of N. Am., LLC, No. 17-cv-2151, 2018 WL 1805103, at *1-3 (S.D. Cal. Apr. 17, 2018)). Those cases are inapposite where the party opposing remand shows, by a preponderance of the evidence, that statutory civil penalties are in fact at stake.

Here, the operative complaint does not specify a specific amount in damages. (See Docket No. 1-1 Ex. A at 27.) However, plaintiffs request general, special, actual, and punitive damages; diminution in value; "a civil penalty in the amount of two times plaintiffs' actual damages"; and "reasonable attorneys' fees." (Id. (cleaned up).) This list mirrors what the Song-Beverly Act provides in remedies. See Cal. Civ. Code § 1794. Despite their own request in the complaint for these various types of damages, plaintiffs ask the court to only look at actual damages in determining the amount in controversy.

The Song-Beverly Act allows for civil penalties assessed at twice the amount of actual damages. See Cal. Civ. Code § 1794(c). "If the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Id. In the complaint, plaintiffs allege that defendant willfully failed to comply with its responsibilities under the Song-Beverly Act. (See Docket No. 1-1 at 20-22.) Thus, plaintiffs may well be able to recover statutory civil penalties from defendant.

Defendant has shown that, whether the court uses plaintiffs' range of actual damages or defendant's estimate, the

1   potential civil penalty alone, without even considering actual
2   damages, is well in excess of the jurisdictional threshold of
3   $75,000.  As such, defendant has shown that the amount in
4   controversy exceeds $75,000, and the court must deny the motion
5   to remand.³

6       IT IS THEREFORE ORDERED that plaintiffs' motion to
7   remand the case to the state court (Docket No. 6) be, and the
8   same hereby is, DENIED.

9   Dated:  April 23, 2025

    WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

---

³ Because the court finds that including civil penalties in the amount in controversy exceeds the jurisdictional threshold, it need not address whether to include attorneys' fees in that amount as well, although inclusion of attorneys' fees would provide another basis for concluding the amount in controversy meets the jurisdictional requirement.  See Cal. Civ. Code § 1794(d) (allowing plaintiffs "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorneys' fees" (cleaned up)).  Defense counsel estimates that "$7,500 is a reasonable estimate" of "attorneys' fees" plaintiffs may recover here.  (Docket No. 9-1 at ¶ 7.)  The court has previously noted that even "$50,000 in attorneys' fees is, on average, commonly viewed as a reasonable estimate" and included that amount in the amount in controversy.  See Cassi v. Gen. Motors, LLC, No. 2:23-cv-1801 WBS JDP, 2023 WL 7168348, at *1-2 (E.D. Cal. Oct. 31, 2023) (cleaned up) (quoting Selinger, 2023 WL 2813510, at *10-11).  Moreover, some courts which conclude that the amount in controversy includes civil penalties have also found that it includes attorneys' fees.  See, e.g., Selinger, 2023 WL 2813510, at *10-12; Brady, 243 F. Supp. 2d at 1010-11.  Other courts have merely declined to address the issue.  See, e.g., McGill, 2021 WL 5883037, at *5-6 n.7; Canesco, 570 F. Supp. 3d at 902-03 & n.19.